UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATHAN GARNERE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDLINE INDUSTRIES, L.P. and MEDLINE INDUSTRIES, INC.,<br><br>Defendants. | Case No. 7:23-cv-02840<br><br>**CLASS ACTION COMPLAINT** |

## NATURE OF THE ACTION

1. This is a class action on behalf of all employees of Defendants Medline Industries, L.P. and Medline Industries, Inc. ("Defendants" or "Medline") that work in Defendants' warehouses in the State of New York that engage in manual work in the course of their employment.

2. New York Law requires companies to pay their manual workers on a weekly basis unless they receive an express authorization to pay on a semi-monthly basis from the New York State Department of Labor Commissioner. *See* New York Labor Law ("NYLL"), Article 6, §191.

3. Defendants have received no such authorization from the New York State Department of Labor Commissioner.

4. The New York Court Of Appeals has explained that this law is "intended for the protection of those who are dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (citing former Labor Law § 196).

5. Defendants violated this law by paying its manual workers every other week

rather than on a weekly basis.

6. Plaintiff therefore demands liquidated damages, interest, and attorneys' fees on behalf of himself and a putative class comprised of all manual workers employed by Defendants in New York State over the last six years.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendants because Defendants conduct significant business in New York.

8. This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff alleges that the total claims of individual members of the proposed Class (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because this is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

10. This case is not subject to arbitration because it involves a class of workers engaged in interstate commerce pursuant to 9 U.S.C. § 1.

## PARTIES

11. Defendant Medline Industries, L.P. is an Illinois limited partnership with a principal place of business in Northfield, Illinois. Defendant Medline Industries, L.P. is the nation's largest privately held manufacturer and distributor of medical supplies. Defendant

Medline Industries, L.P. is an unincorporated association under the Class Action Fairness Act, 28 U.S.C. 1332(d)(10).

12. Defendant Medline Industries, Inc. is an Illinois corporation with a principal place of business in Northfield Illinois. Defendant Medline Industries, Inc. manufactures and distributes health care supplies.

13. Plaintiff Nathan Garnere is a citizen of New York who resides in Middletown, New York. Plaintiff was employed by Medline as a Loader/Selector from approximately 2017 to 2019 at a Medline warehouse in Middletown, New York. More than 25% of Plaintiff's job responsibilities at Medline included physical labor, including tasks, such as operating machinery including a cherry picker and pallet jack to locate, gather, load, and transport product inventory and to perform quality control checks of product inventory. While working in this distribution center, Mr. Garnere routinely handled inventory that was shipped to various locations throughout New York and other states. Plaintiff was paid every other week, rather than weekly, during the entirety of his employment with Medline. Thus, for half of each biweekly pay period, Plaintiff was injured in that he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his. Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money.

## CLASS ACTION ALLEGATIONS

14. Pursuant to Fed. R. Civ. P. 23, Plaintiff seeks to represent a class defined as all persons employed in Defendants' warehouses in the State of New York over the last six years who (1) earned nine hundred dollars a week or less; and/or (2) did not have the authority to hire and fire other employees (the "Class"). Members of the Class include, but are not limited to, persons employed by Defendant in the following capacities: Loader, Selector, Warehouse Operator, Operations Engineer, Material Handler, Quality Control Branch Inspector, Machine

Operator, Production Associate, Driver, and other hourly-paid employees who perform similar physical tasks.  Excluded from the class are salaried, executive employees, and those responsible for hiring and/or firing employees that are also paid in excess of nine hundred dollars a week.

15. Class members were required to spend more than 25% of their time engaged in physical labor in their employment with Defendants.

16. Plaintiffs and Class members belong to a class of workers who are regularly involved in the shipping, processing, and receiving of merchandise destined for other parts of New York, other states throughout the country, and Canada, and thus play a direct and necessary role in interstate commerce.

17. Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the hundreds, if not thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the employment records of Defendants.

18. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:  whether Defendants were required to pay class members on a weekly basis, whether class members were paid on a weekly basis, and whether Defendants violated NYLL § 191.

19. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff worked as a manual worker for Defendants during the class period but was not provided with compensation for his work on a weekly basis.

20. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

21. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CLAIMS FOR RELIEF

## COUNT I

**New York Labor Law – Failure to Pay Timely Wages**

22. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

23. The timely payment of wages provisions, NYLL § 191, and its supporting regulations apply to Defendants and protect Plaintiff and the Class.

24. Defendants failed to pay Plaintiff and the Class on a timely basis as required by NYLL § 191(1)(a).

25. Due to Defendants' violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as a representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class members;

b. For an order declaring Defendants' conduct violates the law referenced herein;

c. For an order finding in favor of Plaintiff and the Class on the count asserted herein;

d. For liquidated damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded; and

f. For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: April 5, 2023                                  Respectfully Submitted,

                                                      **BURSOR & FISHER, P.A**

                                                      By:  */s/ Yitzchak Kopel*

6

/s/ Yitzchak Kopel

Yitzchak Kopel
Alec M. Leslie
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: ykopel@bursor.com
       aleslie@bursor.com

*Counsel for Plaintiff*